I think before I jump into the merits of the case, I probably need to address the issue that was raised in the 28J letters submitted by both parties as to whether this appeal is moot or not. So unlike the defendant in the King case, which the government relies upon, Mr. Kahalehoe's sentence is not complete. In King, the defendant's jail term was done. He was not on supervision. Here Mr. Kahalehoe still remains on a period of supervision of 50 months. So it is possible that in the near future, should he be revoked again, that this condition can be imposed again or a similar condition. And I think there is a specific exception to mootness that this court addressed in Kahalehoe 1, that specific exception is if a condition is capable of repetition, yet evading review, then it is still appropriate for the court to hear. And I think that's the situation we have. Turning to the merits. How likely is it, do you think, that this particular condition will be imposed again? Very likely. Why? Because of the nature of the proceedings that were had below with the district court. Assuming that Mr. Kahalehoe's violations in the future would be for testing jury, which could very well be the case because that was the majority of the violations for the first three revocations, it is very likely that I think Judge Gilmour would impose a similar educational restriction upon him. One of the problems with this condition is that it is impermissibly vague. There's a portion of the condition that says Mr. Kahalehoe cannot take any and all classes aimed at becoming a CSAC. So the problem with this, of course, is that Mr. Kahalehoe's subjective motivation would control whether or not he would take any and all classes aimed at becoming a CSAC. First of all, I don't see why it's a subjective motivation. Because classes aimed at seems to me to describe the classes, not your client's reasoning. And, frankly, it seems to me that it's not your strongest argument and maybe you should go off to another one. And I should what? Go to another argument because it seems a lot less vague than a lot of things. All right. I mean, can I just say something? I mean, almost the problem with it is that it's not vague. I mean, the problem with it is that it's telling him that he can't take a certain kind of classes for some reason. But that means, for example, if he wants to take a remedial English class to improve his writing and reading, which is what he told Judge Gilmour, in order to pass the certification, if he wants to take it simply to better himself, that's fine. That's not a violation. If he decides to take it because he wants to pass the certification in the future, then he is in violation. Well, I would say he's not in violation. No, I don't think the judge said that. That's what the condition says. But I thought the judge expressly said that if it were for basic educational, that he was free to take basic educational courses, but just not the specialized courses for certification. No, the condition says he may not enroll in a program to become a CSAC. So I'm not arguing that portion's vague. But then it says, or take classes aimed at becoming a drug or substance abuse counselor, which I think is vague. But didn't they have discussion about that, and your client said he understood the condition? They did have a discussion about it. So how can it be considered vague if he specifically said he understood the condition? Because I don't think that necessarily my client saying that he understood the condition and agreeing with the judge means that a probation officer would see it the same way. For example, Mr. Kahale-Hoye told his probation officer, I'm going to take an English class at Leeward Community College. And the probation officer asked, why are you taking this class? And he says, well, I want to become a CSAC in the future, and it's going to help me pass that certification. He would absolutely be in violation of this. I think I agree with Judge Berzon. I don't think this is your strongest argument. I'll move on to a stronger one then, hopefully. All right, the second argument I have is that the condition itself is not reasonably related to the goals of supervision. Supervised release conditions have to be reasonably related to, of course, the nature and circumstances of the underlying offense, the defendant's history and characteristics to deter criminal conduct, to protect the public, and importantly, to provide the person with needed educational or vocational training. What the statute specifically omits is that it cannot be used, supervised release conditions cannot be used to punish a person. And that is essentially what this condition- Can't be what, I'm sorry? Can't be used to punish a person. And that's essentially what this condition is doing. And we can tell because of the district court's remarks, which were numerous in why she crafted this particular condition. She took, appeared to take offense at the fact that Mr. Kahale-Hoye had public funding that he had FAFSA set up. That seemed to be her biggest problem. She was saying it over and over again. Is that anywhere in a legitimate consideration? You didn't really focus on that in your brief, but it doesn't seem to me to be among the listed considerations. I'll just add that that's the part that troubled me the most, was that the supervised release condition seems to be out of a judgment that public money shouldn't be used to help educate someone who hasn't demonstrated their own sobriety. And my question is, well, first, did you discuss it, but second, is that a legitimate reason for imposition of a supervised release condition? That public money should not be used as a sort of a judgment by the district court that public money should not be used? Right. She says it several times. No. And in fact, I think in Kahale-Hoye 1, if I recall correctly, I had asked the judge, well, if he can secure funding, I mean, if he pays for it on his own dime, is he still restricted? And she said yes. So I think there's two problems with what the judge did here. One is that, as you said, there was a judgment about whether public funds should be used for him to become a certified substance abuse counselor. But you didn't make that argument, though. Below? Did you make the argument that the judge was imposing a moral judgment, in your brief even, that the judge was imposing a moral standard upon him? I did not say moral, but I did talk about how it was her personal opinion about how she disagreed with me and Mr. Kahale-Hoye that he should do this. That was, it is part of the problem. In other words, she was subjecting her own personal judgment of, well, I don't think this job is appropriate for you. I don't think these classes are appropriate for you. And so that ties into my argument that this condition was imposed in a way that is actually punitive for Mr. Kahale-Hoye. But it did not prevent him from becoming a counselor, because he had been a counselor previously without the certification. Correct. Correct. So the problem was for Mr. Kahale-Hoye, he was a substance abuse counselor for 16 years. He obviously wanted to become certified, because that carries with it a lot more opportunity and money. But he was not able to pass the test, I think, three or four times, something like that. So he wanted to go back to school to become more educated so that he could pass the certification. But I would note that, let's say he had simply taken the certification, didn't take any classes, he didn't take the certification at all. I'm sorry, he took the certification and became certified during this time period. The judge, I think on numerous occasions, said that she personally disagreed with the So there was that judgment, I think, passed upon him, which I think drove this condition. I think there is a reason that supervised release conditions typically order the defendant to either engage in work full-time or to go to school full-time, because we place a high value on education and rightfully so. So the real world effect for Mr. Kahale-Hoye with this kind of condition is, let's say he's complied for almost a full year, and on the 364th day of supervision, he decides, I'm going to take a class to help me become a certified substance abuse counselor or enroll in a course to do that. He's in violation. He can go to jail for that. And that's a perverse outcome. I think that for someone who's on supervised release, who we want to rehabilitate, we don't want that to occur. Because as we see it here, that did not happen, because the time has come and gone. And if the condition is reimposed, why couldn't it be challenged at that particular time, as opposed to us resolving it now when the circumstance that was set forth by the judge did not occur? For two reasons. One is that it's very likely that if he does get violated for this condition, he is going to be facing jail time. How can he be violated for this condition at this point? Because the time period has passed. So he can only be violated if it's reimposed in subsequent proceedings. Right. So let's assume that he violates in the future. The identical condition is reimposed because, for example, the Ninth Circuit finds that the issue is moot. And if he violates that future condition, he's looking at a very real amount of jail time. More than that, if he doesn't violate it, then he can't go to school for a year, which is what happened this time. Yes. And his schooling has been delayed for a number of years at this point. But at this point, he can go to school because the condition has been satisfied. He can. He can go to school now. So that's why I'm curious as to why we should even decide this issue. Because now there's nothing keeping him from going to school, taking any class he wants to take. If subsequently the court imposes this or a similar condition, it can be challenged. So I think this is in the nature of an advisory opinion at this point. Well, I mean, I don't think, I think there's value in an advisory opinion given what Judge Gilmour did in this case, because if he violates again in the future and she reimposes it, I think guidance is needed from this court about whether this kind of condition can be imposed. You said he's still under supervision. Yes. But this condition isn't attached to that supervised release anymore? It has naturally expired. Correct. Is it a shorter term than the actual term of supervised release? Yes. It was one year as opposed to 15 months of supervised release. I see that I'm out of time and I was hoping to save a little bit of time for rebuttal if I may. All right. Let's see if you need it. All right. Thank you. Aloha and good morning. My name is Chris Allen Komo'o Thomas, Assistant U.S. Attorney for the United States. Based on the 28-J letter that was submitted to the court, the government's first argument is that this issue is moot. Well, it's nothing like King, is it? Well, Your Honor, it's not like King in the sense that this is supervised release and it does not relate to probation or a sentence being served as confinement. But the holding in King does apply, because King held that in the context of a revocation of supervised release, unless a defendant can show that there is some concrete and continuing injury other than the now-ended revocation, which in this instance is a ... Yes, but the context was the fact that there was no more supervised release at all. And here, I mean, we have pretty good evidence that if he did reinfend, she would reimpose this condition because she already did it once. Twice. She said it twice. So, I mean, so there ... I think the distinction is he's still under supervised release, though this particular condition isn't there. He's still within supervision of the probation office and of the court, Judge Gilmour. And she has shown an inclination toward imposing this thing, and also for wrong reasons. I mean, this thing about public funds creeping into all of her analysis and her analysis about deterrence, you know, show the public we're not going to treat drug addicts in this particular way, as opposed to deterrence of him. Also, contrary to our prior mem dispo, which kind of said that it didn't see how imposing restrictions on education was rehabilitative in any way, it gives me a pause in leaping to a firm decision that this is really moot. Well, you know, the court raised several issues with respect to King and its holding. When it says concrete and continuing injury, this supervision condition no longer exists. On September 1st, 2018, it disappeared, and I can guarantee you that if the court tried to enforce it past that date, defense counsel would be jumping up and down for good reason. Because it did expire. And so what is the concrete injury? What is the continuing injury? There is none. And it's the defendant who has that burn of proof to show that there is. And there is none. What is the court going to decide? What will the decision be? The court's going to issue a decision about something that is contingent, something that could or may not happen in the future. I've never seen that happen. Well, that's not true. But your stronger argument, because in fact, the general rule about mootness is that ceasing doing something is not, doesn't moot it out unless there's an assurance that it's not going to happen again. But there is a contingency here, which is him having to offend again. Yes, Your Honor. Violate again. Yes, Your Honor. Now, in our last mem dispo, though, we did rely on the capable of repetition yet evading review exception. This is certainly capable of repetition yet evading review with regard to him. I mean, that's the problem. The problem is that it took a year for whatever reason it shouldn't have to get this case decided. And he, therefore, ended up subject to this condition for a year. And if this were to happen again, that would probably happen again. Right? In other words, it's nice to say that he can challenge it, but look what happened last time he challenged it. He was subject to it for the whole year. Even if we would have held, and I think we might have held, that this is not a valid condition. Yes, Your Honor. Let me put, to answer your question, let me put this in context. Because Mr. Kahale-Hoye had been on supervised release for a period of a little over three years. Now, during that period of three years, there were nine documented and admitted uses of methamphetamine. Well, all the more the case there that it's likely to recur, this particular problem. Right? This is the issue, because this supervised condition is being colored as some kind of First of all, let me have the... It's not a question. It's simply that there are a set of rules about what are legitimate considerations. And I suppose it would be helpful if you got to the merits and told us why you think these reasons, including the public funds question, the deterrence question, in particular, are, and the notion that essentially he doesn't deserve to do this, are legitimate considerations under the statutory guidelines and rules. With respect to public funds, there's no question that the court, in her response or on the record, mentioned that it was a factor... Over and over again. Well, twice, Your Honor. No, it was more than twice, but go ahead. But, Your Honor, what's at issue before this court is a wording of the supervised release condition. No, what's at issue is her explanation as well. That's true, but there is no wording within the supervised condition that says public funds cannot be used for your education. She may have mentioned that as a factor, but it was not a condition. She admitted that... Well, the question is, what was the reason then? What was a legitimate reason? The reason was that the defendant kept violating on his supervised release condition by using methamphetamine. And therefore, he shouldn't go to classes. Well, Your Honor, he was going to classes when this happened. And so, what is the court faced with? The court is given wide discretion to address defendant's problems, to address his needs. Are we going to do the same thing? There are two prior revocations. Has he shown any connection between the classes and his violations? I can point to one. I can point to several. Six months was the longest period the defendant had ever gone without violating. This imposition of this condition, over a year, 13 months, what the court was trying to do is take the defendant out of that environment. Take him out of that atmosphere. She certainly never said that. What was the atmosphere? The atmosphere was going to the community college and talking to people. No, Your Honor, the atmosphere was the defendant's insistence to get certified as a substance abuse counselor. This provision does not prevent him from going to school. It wasn't even about that. It was only about going to classes. It doesn't prevent him from going to classes. He can go to classes. He can go to school. He can enroll in English. He can become a chef. He can become a mechanic. He can go to school with this provision. Is it that he can go to school for all those other things and that would not be at public funds? Public funds is not even a factor in this provision. Explain this to me. Why does he have public funding to go to school? Why does that make a difference? Why does she keep mentioning it? It upset her. We all have preconceptions of what's fair and how money should be used because we're taxpayers. But it wasn't the primary factor in her decision making. Was he eligible for something like veterans benefits or something? That was established on the record, Your Honor. But essentially, the court was trying to prevent the defendant from doing what he was doing and not being successful and expecting a different result. The court tried to intervene, initiate a rehabilitation plan that would unfold in stages. After one year, okay, fine. Pursue what your heart desires. But focus on your sobriety because that, in the long run, ensures his rehabilitation. Thank you, Your Honor. Thank you. Counsel, you can have one minute rebuttal. I want to correct something that Mr. Thomas said. The record absolutely does not support that Mr. Kahale-Hoi was going to classes when he violated either time. In fact, he had lined up classes, and he was not able to start them because the violations derailed him. So when he talks about taking him out of this atmosphere of school, that atmosphere simply did not exist. And, you know, I would note that the underlying offense occurred after he stopped being a substance abuse counselor. It's not like the trafficking occurred in the context of him being a counselor. If there are no further questions, I'll rest on my briefs. All right. Thank you. U.S. v. Kahale-Hoi is submitted. And we'll take up Civil Beat Law Center v. CDC.
judges: Wardlaw, Berzon, Rawlinson